NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10379 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00145-KJD-PAL-7 |
| v. | |
| KENNETH RUSSELL KRUM, AKA Barnyard, AKA Big Pimping, AKA Yum Yum, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted September 14, 2017[**]
San Francisco, California

Before:  SILER,[***] TALLMAN, and BEA, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1

Kenneth Krum was convicted of Conspiracy to Engage in a Racketeering Influenced Corrupt Organization ("RICO") enterprise, in violation of 18 U.S.C. § 1962(d), and Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He appeals his sentence, arguing that the district court's decisions to determine the drug weight for the RICO count and to apply an enhancement for firearm possession were unreasonable. For the following reasons, we affirm.

1. Sentencing courts have broad discretion when determining a defendant's sentence. *See United States v. Watts*, 519 U.S. 148, 151 (1997) ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." (quoting 18 U.S.C. § 3661)). "[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *Id.* at 157.

If a jury returns a special verdict in which it makes an affirmative finding that the government proved beyond a reasonable doubt that the defendant possessed less than a certain amount of drugs, the sentencing court may not make its own finding at sentencing regarding drug weight for that conviction. *United States v. Pimentel-Lopez*, 859 F.3d 1134, 1142–43 (9th Cir. 2017). However,

2

"where the jury makes no finding as to quantity or finds an unspecified amount, there would be no inconsistency between the verdict and any quantity that the judge finds during sentencing." *Id.* at 1142. Additionally, "any jury finding that does not set an upper boundary would leave the district court free to find a greater quantity in determining the sentencing range." *Id.* The jury only made this finding on the conspiracy to distribute count.

2.     Krum's sentence is procedurally reasonable. The district court's decision to make its own findings regarding the drug weight used to calculate the base offense level for the RICO charge was not in error. Krum relies on *Pimentel-Lopez* to challenge the district court's decision, but *Pimentel-Lopez* differs significantly because the jury in Krum's case was not asked to return a special verdict on the RICO charge. The jury made a finding only on the conspiracy to distribute count. Thus, because the jury never made an affirmative finding regarding the drug amount for the RICO conviction, the sentencing court properly determined the drug quantity for that count under a preponderance of the evidence standard rather than using the drug quantity determined by the jury in its special verdict on the conspiracy to distribute charge.

3.     Furthermore, the district court's decision to enhance Krum's sentence for possession of a firearm during a drug offense, even though Krum was acquitted of a similar charge, was not in error. *Watts* clarified that acquitted conduct could be

used in determining a sentence when the sentencing court finds, by a preponderance of the evidence, that the conduct occurred. *See* 519 U.S. at 157 ("[T]he jury acquitted the defendant of using or carrying a firearm during or in relation to the drug offense. That verdict does not preclude a finding by a preponderance of the evidence that the defendant did, in fact, use or carry such a weapon, much less that he simply *possessed* the weapon in connection with a drug offense.").

4.    Finally, Krum's sentence is substantively reasonable. We reject Krum's argument that his sentence violates the Fifth and Sixth Amendments because it would be unreasonable but-for judge-found facts. *See United States v. Treadwell*, 593 F.3d 990, 1017 (9th Cir. 2010) (rejecting an identical argument). The sentencing court did not err when determining the base offense level and enhancements.

**AFFIRMED.**